Adam C. Sherman, SB# 224979
acsherman@vorys.com
T. Blake Finney (*pro hac vice* to be filed)
tbfinney@vorys.com
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street Suite 3500
Cincinnati, OH 45202
Tel. (513) 723-4680
Fax. (513) 852-8468

Attorneys for Plaintiff, Murad, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

MURAD, LLC, a Delaware limited liability company;

Plaintiff,

v.

DINH NGUYEN, an individual doing business as "Quinstra" on the website www.amazon.com and "leeyelashoc" on the website www.ebay.com, and DOES 1-10.

Defendants.

Case No:

**COMPLAINT FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C § 1114; 15 U.S.C. § 1125(a); TORTIOUS INTERFERENCE AND RELATED CLAIMS**

**DEMAND FOR JURY TRIAL**

Plaintiff Murad, LLC ("Murad"), for its Complaint against Defendant Dinh Nguyen (d/b/a "Quinstra" on the website www.amazon.com and "leeyelashoc" on the website www.ebay.com) ("Defendant Nguyen") and Does 1-10 ("Doe Defendants") (collectively, "Defendants") for trademark infringement in violation

of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, and California common law; False Advertising in violation of 15 U.S.C. § 1125(a)(1)(b); Unfair Competition in violation of 15 U.S.C. § 1125(a) and Cal. Bus. and Prof. Code § 17200; Tortious Interference with Contractual and Business Relationships; and Tortious Interference with Prospective Economic Advantage respectfully states the following:

**PARTIES**

1. Murad is a limited liability company, organized under the laws of Delaware, with its principal place of business in El Segundo, California.

2. Defendant Nguyen is an individual, with a residence in Westminster, California.

3. The true names, involvement, and capacities, whether individual, corporate, associated or otherwise, of Doe Defendants 1 through 10 are unknown to Murad. Therefore, Murad sues the Doe Defendants by fictitious names. Murad is informed and believes that the Doe defendants include persons and entities assisting or acting in concert with Defendant Nguyen in connection with the actions complained of herein and include persons and entities that are responsible in some manner for the acts, occurrences and liability hereinafter alleged and referred to. The Doe Defendants are unknown natural persons and/or corporations/business entities that unlawfully acquired, distributed, and/or sold Murad products. When the true names, involvement, and capacities of these parties are ascertained, Murad will seek leave to amend this Complaint accordingly.

**JURISDICTION**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Murad's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and its claims arising under the laws of

the State of California are substantially related such that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendants because they are engaged in activities that directly impacted and harmed Murad, which they knew is located in California. Further, Defendant Nguyen resides or has a place of business in this judicial district. Defendant Nguyen also sells a significant volume of products on www.amazon.com ("Amazon") and www.ebay.com ("eBay")—Defendant Nguyen's Amazon account shows feedback from approximately 1,252 Amazon users who have purchased products from its account, while his eBay account lists feedback from over 1,100 users. Additionally, Defendant Nguyen operates a separate website, www.leeyelash.com (the "Le Eyelash Website"), that offers over 130 Murad products for sale. Murad therefore alleges, on information and belief, that Defendant Nguyen and the Doe Defendants have shipped infringing products into California. Defendants have also sold, distributed, offered for sale, and/or advertised goods and services in California through its Amazon storefront, eBay storefront, and the Le Eyelash Website.

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendant Nguyen resides in this judicial district, a substantial part of the events giving rise to the claims herein occurred within this judicial district and, in the alternative, because Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### Murad and Its Trademarks

7. Murad provides clinical skin care products, which are developed using the scientific innovations of its founder Dr. Howard Murad. Only Murad itself,

and skincare professionals and selected sellers expressly authorized by Murad ("Authorized Distributors"), are permitted to market and sell Murad products.

8. Murad devotes a significant amount of time, energy, and resources to protecting the value of its brand, products, name, and reputation. Murad affixes a holographic seal to each of its products, which enables Murad to track the product and identify counterfeits. Murad products are also subject to strict packaging, handling, and shipping procedures to ensure they remain in perfect condition for the customer. In the highly competitive skin care market, quality is a fundamental part of the consumer's decision to purchase a product.

9. Murad has registered numerous trademarks with the United States Patent and Trademark Office with respect to its brand and products, including, but not limited to, MURAD® (U.S. Trademark Registration No. 2,062,211), MURASOL® (U.S. Trademark Registration No. 4,223,088), RESURGENCE® (U.S. Trademark Registration No. 2,722,180), AGE REFORM® (U.S. Trademark Registration No. 3,307,910), FACE DEFENSE® (U.S. Trademark Registration No. 3,340,583), VITALIC® (U.S. Trademark Registration No. 3,038,727), WHITE BRILLIANCE® (U.S. Trademark Registration No. 3,819,248), EAT YOUR WATER® (U.S. Trademark Registration No. 3,958,803), and REPLENICELL® (U.S. Trademark Registration No. 4,426,378) (collectively, the "Murad Registered Trademarks").

10. The registration for each of the Murad Registered Trademarks is valid, subsisting, and in full force and effect. Pursuant to 15 U.S.C. § 1065, the Murad Registered Trademarks serve as conclusive evidence of Murad's ownership of the marks and of its exclusive rights to use the marks in commerce and in connection with the sale and distribution of Murad's products identified in the registrations. *See* 15 U.S.C. § 1115(b).

11. Murad actively uses and markets the Murad Registered Trademarks in commerce.

12. Due to the quality and exclusive distribution of Murad's products, and because Murad is recognized as the source of high quality products, the Murad Registered Trademarks have substantial value.

**Murad Production, Distribution, and Quality Control**

13. Murad exercises strict quality control over the production and distribution of its products. Each product is affixed with a holographic seal, which is equipped with a unique serial number that allows Murad to track the product. This holographic seal has the potential to assist Murad with effectuating a recall in the event that a quality control issue arises. However, Murad cannot track products that are sold outside authorized channels and in the event of a recall, it would be unable to alert customers who purchased recalled products from unauthorized sellers. Additionally, the holographic seal helps Murad to identify counterfeit products.

14. In addition to a holographic seal, Murad products also are marked with a lot code, which is a combination of alpha and numeric characters that identify the product manufacturer, year, month, and monthly batch count. These lot codes provide another method to trace products in case of a quality issue and can also be used to determine the age and shelf life remaining on a particular product. However, this information is not self-evident and instructions regarding how to obtain it are not available to unauthorized sellers. Therefore, products sold to consumers outside of authorized channels could be outdated, less effective, and potentially harmful.

15. Murad products are also subject to strict inspection, packaging, handling, and shipping procedures to ensure that they reach the customer in perfect condition.

16. Murad also provides customers who purchase Murad products directly from Murad with a money back guarantee, which allows a customer who is not satisfied with a Murad product, for any reason, to return the product to Murad for a full refund within 60 days of purchase (the "Money Back Guarantee").

17. Murad maintains its quality controls by permitting only Authorized Distributors, in addition to itself, to sell Murad products.

18. Authorized Distributors are required to sell Murad products only in their original manufactured and packaged form with their original labeling. Authorized Distributors are prohibited from removing, defacing, altering, or otherwise tampering with any part of a Murad product or Murad product packaging.

19. Additionally, Murad emphasizes the importance of Authorized Distributors providing personal services to customers concurrently with the sale of Murad products. For example, Authorized Distributors can reference materials and educational tools to advise customers on the selection of Murad products and on best practices for optimal use. Murad even requires certain Authorized Distributors, such as professional spas and salons, to participate in Murad training sessions, where they obtain product information for the benefit of the customer.

20. To maintain the quality of its products, Murad's agreements with its Authorized Distributors prohibit Authorized Distributors from selling products on the Internet without the express written approval of Murad. Murad also strictly prohibits the sale or transfer of its products to any third-party distributor or retailer of beauty or skin care products, including Amazon and eBay.

21. Authorized Distributors are also prohibited from selling Murad products to anyone that they know or reasonably should know intends to resell them.

**Murad Polices the Sale of its Products on the Internet**

22. Due in part to egregious conduct of the Defendants and others, and in light of the problem that Murad has encountered with respect to the illegal sale of its products on the Internet, Murad polices the sale of its products on the Internet.

23. Specifically, Murad marks all products with a holographic seal, which allows for traceability and indicates authenticity. It also marks the sales order number on select products in invisible ink.

24. Murad also investigates the illegal sales of its products by purchasing products from unauthorized websites and tracing the source through the holographic seal and/or the invisible ink.

**Defendants' Sale of Murad Products on the Internet**

25. Defendants are not authorized to sell Murad products.

26. On information and belief, sometime prior to August 2016, one or more Defendants created a storefront on Amazon with the name "Quinstra" through which Defendants sold Murad products. A screenshot showing an example of Defendants' sale of Murad products on Amazon is set forth below.




27. On or about August 22, 2016, a product was purchased from Defendants' Quinstra storefront on Amazon to investigate who was operating the storefront. The return address listed on the package was P.O. Box 3845 Anaheim, California 92803-3845 (the "P.O. Box 3845 Address"). The customer service number provided for the transaction was 714-671-8979.

28. Upon investigation, the P.O. Box 3845 Address and the telephone number used for the Amazon transaction were found to be linked to the Le Eyelash Website. A screenshot of the "Contact Us" section of the Le Eyelash Website—showing the same telephone number that was provided for the transaction with the Quinstra Amazon storefront—is set forth below.

EEYELASH

Shopping Cart
0 item(s) - $0.00

Search

Welcome visitor you can login or create an account.

Home | Wish List (0) | My Account | Shopping Cart | Checkout

Eye Lashes | Skin Care | Makeups | Brow & Lashes Care | Hair Works | Masks & Misc | Specials

Home » Contact Us

Contact Us

Our Location

Address:
Le Eyelash
info@leeyelash.com

Telephone:
7146718979

29. The Le Eyelash Website offers for sale over 130 Murad products. A screenshot showing a small sample of the Murad products offered for sale is presented below.

EEYELASH

Shopping Cart
0 item(s) - $0.00

Search

Welcome visitor you can login or create an account

Home | Wish List (0) | My Account | Shopping Cart | Checkout

Eye Lashes | Skin Care | Makeups | Brow & Lashes Care | Hair Works | Masks & Misc | Specials

Home » Skin Care » Murad

Murad

Murad. | m

Refine Search

- Professional
- Retail Products
- Mini Size

Display: List / Grid

Sort By: Default

Show: 100

Product Compare (0)

Acne Clarifying Cleanser Pro Size 16.9 oz 500ml
$37.00
Add to Cart
Add to Wish List
Add to Compare

Acne Clarifying Mask Pro Size 8.45 oz 240g
$36.00
Add to Cart
Add to Wish List
Add to Compare

Acne Clarifying Toner Pro Size 16.9 oz 500ml
$28.80
Add to Cart
Add to Wish List
Add to Compare

Acne Enzyme Treatment Gel & Powder (Salon / Pro Size )--25pk/Box
$69.00
Add to Cart
Add to Wish List
Add to Compare

Acne Enzyme Treatment Gel & Powder (Salon / Pro Size )--Single Pack
$11.50
Add to Cart
Add to Wish List
Add to Compare

Categories

Eye Lashes

Skin Care
- Evian
- Glo
- Obagi
- PMD Microderm Systems
- SkinCeuticals
- Valeant
- Dermalogica
- Murad
- Clarisonic
- Cosmedix
- Jan Marini
- Vivite
- Solar Protection Formula
- PCA Skin
- DDF
- Revive
- Somme Institute
- ICS Skin Therapie
- Eucerin

Makeups

Brow & Lashes Care

Hair Works

Masks & Misc

Specials

30. Defendant Nguyen is listed as the registrant for the Le Eyelash Website.

31. Defendants, using the "Le Eyelash" moniker, have also offered Murad products for sale on eBay using a storefront named "leeyelashoc." An example of one of Defendants' unauthorized sales listings on eBay is set forth below.



32. On August 15, 2016, Murad, through counsel, sent a cease-and-desist letter to Defendants through Amazon's messaging system. Defendants failed to remove the Murad products from their Amazon storefront in response to this letter.

33. On August 31, 2016, Murad, again through counsel, sent another cease-and-desist letter to Defendants. This letter was sent to the P.O. Box 3845 Address, the contact email address for the Le Eyelash Website, and to Defendant Nguyen, individually, at his physical home address and his email address used to register the Le Eyelash Website, nguyendinh100@yahoo.com. Defendants, however, did not cease selling Murad products on the Internet.

34. Defendants have never responded to these letters and continue to sell Murad products through their Amazon storefront, eBay storefront, and the Le Eyelash Website.

**Defendants' Illegal Sale of Murad Products**

35. Defendants, without authorization from Murad, sold products bearing the Murad Registered Trademarks on Amazon, eBay, the Le Eyelash Website, and, on information and belief, through other channels.

36. The Murad products sold by Defendants were not genuine Murad products because the products were not sold by Murad or an Authorized Distributor, were ineligible for the Murad Satisfaction Guarantee, were not subject to notice or recall in the event of a quality issue, and were not subject to Murad's other customer benefits or quality control procedures.

37. As a result, by their unauthorized use of the Murad Registered Trademarks, Defendants misled, and continue to mislead, consumers into believing they are purchasing products with the same quality controls and customer benefits as Murad products; in reality, however, the products sold by Defendants are materially different from genuine and authentic Murad products.

**Murad Has Suffered Substantial Harm**

38. As a proximate result of Defendants' actions, Murad has suffered, and will continue to suffer, irreparable harm to its quality control procedures, the Murad Registered Trademarks, and its goodwill.

39. Defendants' conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

40. Murad is entitled to injunctive relief because Defendants will continue to unlawfully sell Murad products, including by selling Murad products outside regular distribution channels, thus compromising Murad's quality controls, and by selling products with the Murad Registered Trademarks that are materially different than those offered for sale by Murad. Defendants' ongoing illegal conduct has caused, and will continue to cause, irreparable harm to Murad's goodwill; and has caused, and will continue to cause, Murad and its Authorized Distributors to lose business.

**FIRST CAUSE OF ACTION**

**Trademark Infringement**

**15 U.S.C. §§ 1114 and 1125(a)(1)(a)**

41. Murad re-alleges the allegations set forth in paragraphs 1-40 above.

42. The Murad Registered Trademarks are valid and subsisting trademarks in full force and effect.

43. Defendants willfully and knowingly used the Murad Registered Trademarks in commerce with the sale of products without the consent of Murad.

44. Defendants' use of the Murad Registered Trademarks in connection with their unauthorized sale of products was likely to cause consumer confusion, cause mistake, or deceive consumers because it suggested that the products offered for sale by Murad were the same as the products legitimately bearing the Murad

Registered Trademarks, and originated from, or were sponsored, authorized, approved or otherwise connected with Murad.

45. Defendants' unauthorized use of the Murad Registered Trademarks has infringed and materially damaged the value of the Murad Registered Trademarks.

46. As a proximate result of Defendants' actions, Murad has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

47. Murad has no adequate remedy at law for Defendants' infringement. Unless Defendants are permanently enjoined, Murad will suffer irreparable harm.

48. Murad is entitled to disgorge Defendants' profits for their willful sales and unjust enrichment.

49. Because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the Murad Registered Trademarks, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### False Advertising

### 15 U.S.C. § 1125(a)(1)(b)

50. Murad re-alleges the allegations set forth in paragraphs 1-40 above.

51. The Murad Registered Trademarks are valid and subsisting trademarks in full force and effect.

52. In their listings on Amazon, eBay, and the Le Eyelash Website, Defendants willfully and knowingly used the Murad Registered Trademarks in commerce with the sale and advertising of products without the consent of Murad.

53. The use of the Murad Registered Trademarks in connection with the unauthorized sale and advertising of products by Defendants was likely to cause consumer confusion, cause mistake, or deceive consumers because it suggested

that the products offered for sale by Defendants were genuine and authentic products, and originated from, or were sponsored, authorized, or otherwise connected with Murad.

54. Defendants' unauthorized and deceptive use of the Murad Registered Trademarks in their Amazon, eBay, and Le Eyelash Website listings was material and likely to influence customers to purchase the product.

55. As a result, Murad has suffered damages including, but not limited to, loss of sales for products and a loss of goodwill associated with its products.

56. Because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the Murad Registered Trademarks, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

### Unfair Competition

### 15 U.S.C. § 1125(a)

57. Murad re-alleges the allegations set forth in paragraphs 1-40 above.

58. The Murad Registered Trademarks are valid and subsisting trademarks in full force and effect.

59. Defendants willfully and knowingly used the Murad Registered Trademarks in commerce with the sale and advertising of products without the consent of Murad.

60. Defendants' use of the Murad Registered Trademarks in connection with their unauthorized sale and advertising of products was likely to cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of Murad's products because it suggested that the products offered for sale by Defendants originated from, or were sponsored, authorized, or otherwise connected with Murad.

61. Defendants' unauthorized sale of products bearing Murad Registered Trademarks, and unauthorized use of Murad Registered Trademarks in advertising, materially damaged the value of the Murad Registered Trademarks and caused significant damages to Murad's business relations.

62. Defendants' unauthorized sale of products bearing Murad Registered Trademarks and unauthorized use of Murad Registered Trademarks in advertising infringed on the Murad Registered Trademarks.

63. As a result, Murad has suffered damages including, but not limited to, loss of sales, harm to its goodwill, trademark infringement, and damage to its existing and potential business relations.

64. Because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the Murad Registered Trademarks, this case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION

### California Common Law Trademark Infringement

65. Murad re-alleges the allegations set forth in paragraphs 1-40 above.

66. This claim arises under the common law of the State of California.

67. The Murad Registered Trademarks are valid and subsisting trademarks in full force and effect.

68. Murad is the owner of the Murad Registered Trademarks, which are distinctive and widely recognized marks by the consuming public. Murad products are sold and purchased through Murad and its Authorized Distributors throughout the United States, including California.

69. Murad is widely recognized as the designated source of goods bearing the Murad Registered Trademarks.

70. Defendants' knowing and willful use of the Murad Registered Trademarks in connection with the unauthorized and illegal sale of products

without Murad's consent infringed on the Murad Registered Trademarks. This infringement includes selling "Murad products" that were materially different from genuine and authentic Murad products because, among other reasons, the products sold by Defendants were not authorized for sale by Murad, were ineligible for the Murad Satisfaction Guarantee, were not subject to notice or recall in the event of a quality issue, and were not subject to Murad's other customer benefits or quality control procedures.

71. Defendants' unauthorized use of the Murad Registered Trademarks was conducted in connection with the sale, distribution, offering for sale, or advertising of goods and services in California commerce.

72. The Murad products sold by Defendants were not, in fact, genuine and authentic Murad products. The use of the Murad Registered Trademarks in connection with the unauthorized sale of products by Defendants was likely to cause consumer confusion, cause mistake, or deceive consumers because it suggested that the products offered for sale by Defendants were the same as the products legitimately bearing the Murad Registered Trademarks.

73. As a result of Defendants' unlawful actions, the reputation and the goodwill associated with the Murad Registered Trademarks were harmed and Murad suffered immediate and irreparable injury.

74. As a result, Murad has suffered damages including, but not limited to, loss of sales for products and a loss of goodwill associated with its products.

## FIFTH CAUSE OF ACTION

### Violation of Business and Professions Code §§ 17200, *et seq.*

75. Murad re-alleges the allegations set forth in paragraphs 1-40 above.

76. This claim arises under the laws of the State of California.

77. Defendants' obtaining of Murad's product through unlawful means and subsequent distribution or sale of the product constitutes an unfair and/or

fraudulent business practice, as described in California Business and Professions Code §§ 17200 *et seq.* as they are likely to deceive and mislead the public.

78. Defendants' acts of unfair competition have caused and will continue to cause Murad irreparable harm. Murad has no adequate remedy at law to Defendants' unfair competition.

79. Murad is entitled to judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

**SIXTH CAUSE OF ACTION**

**Tortious Interference with Contract and Business Relationships**

80. Murad re-alleges the allegations set forth in paragraphs 1-40 above.

81. This claim arises under the laws of the State of California.

82. Murad has contracts and business relationships with its Authorized Distributors, who have a contractual right to sell Murad products.

83. Murad's contracts with its Authorized Distributors prohibit them from selling products on the Internet without the express written approval of Murad. The contracts also strictly prohibit the sale or transfer of Murad products to any third-party distributor or retailer of beauty or skin care products, including Amazon and eBay.

84. The contracts between Murad and its Authorized Distributors prohibit Authorized Distributors from selling Murad products to anyone that they know or reasonably should know intends to resell them.

85. Defendants had knowledge of Murad's contracts and business relationships with its Authorized Distributors. At a minimum, Defendants were aware, by virtue of their receipt of cease-and-desist letters sent by Murad's counsel on August 15, 2016 and August 31, 2016, that Murad's contracts with its Authorized Distributors prohibit the sale of Murad products to resellers or on unauthorized websites.

86. Defendants interfered with the contracts and business relationships between Murad and its Authorized Distributors by purchasing products from Authorized Distributors for the purpose of selling the products on an unauthorized website in violation of the Authorized Distributors' contracts with Murad.

87. Defendants knew Murad has contracts and business relationships with these Authorized Distributors and acted with a wrongful purpose by purchasing products for resale and selling Murad products on Amazon, eBay, and the Le Eyelash Website in violation of the contracts between Murad and its Authorized Distributors.

88. Defendants' actions caused injury to Murad for which Murad is entitled to damages.

**PRAYER FOR RELIEF**

WHEREFORE, Murad prays for relief and judgment as follows:

A. Judgment in favor of Murad and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B. Preliminary and permanent injunctions that issue enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

i) Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Murad products,

ii) Prohibiting the Enjoined Parties from using any of the Murad Registered Trademarks in any manner, including advertising on the Internet,

iii) Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Murad products as well as any products bearing any of the Murad Registered Trademarks,

iv) Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Murad Registered Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks,

v) Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites or storefronts any reference to any of Murad's products, or any of the Murad Registered Trademarks,

vi) Requiring the Enjoined Parties to take all action, including but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove from the Internet any of the Murad Registered Trademarks which associate Murad's products or the Murad Registered Trademarks with the

Enjoined Parties or the Enjoined Parties' websites or storefronts,

vii) Requiring the Enjoined Parties to take all action to remove the Murad Registered Trademarks from the Internet, including from the websites www.amazon.com, www.ebay.com, and www.leeyelash.com;

C. An award of attorneys' fees, costs, and expenses; and

D. Such other and further relief as the Court deems just, equitable and proper.

**JURY DEMAND**

Pursuant to L.R. 38-1, Plaintiff demands trial by jury of all issues so triable.

VORYS SATER SEYMOUR AND PEASE LLP

By: ______________________

Adam C. Sherman, SB# 224979